**Harvey SMITH**

v.

**PHILADELPHIA POLICE 39TH DIST. SPEC. INVEST. SQUAD et al.**

**Civ. A. No. 68–600.**

United States District Court
E. D. Pennsylvania.

Oct. 28, 1969.

Harvey Smith, pro se.

Edgar R. Einhorn Asst. City Solicitor, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Before the Court in the above-entitled action are plaintiff's Motion for Judgment on the Pleadings Under Rules 12(c) and 12(d) and Motion for Records Under 28 U.S.C.A. § 1449 and for Defendant's and Deponent's Answer to Interrogatories Under Rule 37(a).

Even putting aside the substantial legal problems confronting plaintiff in his attempt to recover on his present claims in a civil rights action as opposed to a claim for relief by way of habeas corpus, the Court is confronted with complex factual issues which could only be decided at trial. Consequently the Court at this stage of the litigation could not possibly grant a motion for judgment on the pleadings.

As part of his Motion for Records Under 28 U.S.C.A. § 1449, plaintiff seeks the production of the search and seizure warrant introduced at his trial. In response to an earlier motion in the state court seeking the same document and granted by Judge Raymond Pace Alexander, plaintiff was sent by the Clerk of Quarter Sessions Court a copy of the only Warrant in the state court file. However, plaintiff seeks to establish by a comparison of the numbers on the warrants, by evidence as to the physical character of the documents, and by comparison with other documents received from the City Solicitor and District Attorney in connection with this case and one of plaintiff's other civil rights actions, that this was not the warrant introduced at his trial. If these allegations are true, they are a matter for

cross-examination and proof at trial. Since the Clerk of Quarter Sessions has stated that there is no other warrant in the file, nothing further can be done by way of the present motion.

█ Plaintiff further seeks relief from the failure of Magistrate Raymond A. Malone to furnish him with certain information either by way of response to plaintiff's Motion for Documental Evidence filed by plaintiff on April 5, 1968 or by way of response to plaintiff's interrogatories under Rule 33 to Magistrate Malone filed July 12, 1968. However, the former motion was treated as one for the production of the search warrant and denied by this Court on May 6, 1968. While plaintiff may be able to secure answers to these questions through deposition upon written interrogatories if he complies with the requirements of Rule 31, the latter motion under Rule 33 could not properly be directed to Magistrate Malone because he is not a party in this case. Consequently plaintiff is not entitled to further relief with respect to these motions (sought under Rule 37(a)).

█ Next, plaintiff seeks an order under Rule 37(a) directing defendant Herbert G. Hardin, Esq. to answer certain interrogatories submitted to him and filed in this Court on July 10, 1968. Since this defendant has filed no objections or answers to these interrogatories nor filed any answer to the present motion, plaintiff's motion under Rule 37(a) must be granted.

█ Finally, plaintiff requests an order under 28 U.S.C.A. § 1449 directing the production of an Arrest Report dealing with his arrest in the criminal prosecution on the basis of which he now claims deprivation of his civil rights. This Section however only authorizes orders directing the production of the state court record, and plaintiff has been advised that this Report is not part of the record in this case. Plaintiff has also been advised by the state recording officers that this Report may be subpoenaed at the appropriate time from the Police Evidence Custodian.

### ORDER

And now, to wit, this 28th day of October, A.D. 1969, it is ordered that plaintiff's Motion for Judgment on the Pleadings and plaintiff's Motion for Records be and the same are hereby denied. It is further ordered that plaintiff's motion under Rule 37(a) for an order requiring Magistrate Raymond A. Malone to answer interrogatories under Rule 33 be and the same is hereby denied. It is further ordered that plaintiff's motion under Rule 37(a) for an order directing defendant Herbert G. Hardin, Esq. to answer interrogatories submitted under Rule 33 be and the same is hereby granted.

And it is so ordered.